IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 14-CIV-80302-ROSENBAUM/HUNT

MICHAEL BOGGS, and all others similarly
situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

DJM INTERNATIONAL ENTERPRISES,
INC. and DANA KARKLINS,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants DJM INTERNATIONAL ENTERPRISES, INC. ("DJM") and DANA KARKLINS ("Karklins") (collectively "Defendants"), by and through undersigned counsel and pursuant to this Court's Order dated March 21, 2014 [D.E. 6], hereby respond to the Statement of Claim filed by Plaintiff MICHAEL BOGGS ("Plaintiff"), and state as follows:

    1.    Defendants acknowledge that Plaintiff purports to assert a cause of action for unpaid wages under the Fair Labor Standards Act ("FLSA"); however,

    2.    In further response to Plaintiff's Statement of Claim, Defendants state as follows:

        a.    Covered Period: Plaintiff alleges a 154-week liability period. The two-year statute of limitations established by the FLSA applies as Plaintiff has no evidence to substantiate his allegations that Defendants acted in willful violation of the FLSA. DJM had a good faith belief that Plaintiff was covered by the outside sales exemption. For the majority of his employment and through approximately June 1, 2013, Plaintiff spent his work time out of the

office, on the road to solicit new customers and deliver orders. DJM paid him on a salary basis, regardless of the quantity or quality of his work.

   b. Half-time Rate: In the Complaint, Plaintiff acknowledges that he has been paid all straight time owed and would only be owed a half-time rate for any unpaid overtime hours. Defendant agrees that $5.70 is the correct rate at issue in this matter.

   c. Overtime Hours Per Week: Plaintiff alleges that he worked 17 hours per week in unpaid overtime for a period of 117 weeks (2/28/11-5/31/13) and 12.25 hours per week in unpaid overtime for a period of 37 weeks (6/1/13-2/17/14). Plaintiff could not have worked 17 hours of unpaid overtime each week. The facility where Plaintiff worked was open between 7:30 a.m. to 5:00 p.m., Monday through Friday, and 8:00 a.m. to 5:00 p.m. on Saturday. Plaintiff did not hold a key and would not have been able to work when the facility was closed. Plaintiff also only worked every other Saturday, despite receiving his full salary every week. Even if he worked the entire time the facility was open, which Defendants deny, at most, a figure of 8.5 overtime hours per week would apply. The 8.5 hour maximum does not account for Plaintiff's paid sick and vacation time or holidays, which were substantial. Plaintiff was overpaid by 8 hours every other Saturday because he did not work any hours on those days. Plaintiff also was overpaid for 3 overtime hours in 2013. These overpayments must be subtracted from any amount due. Defendants believe that Plaintiff devoted work time -- for which he was paid by Defendants -- to running a cleaning business he owns with his wife, "The Clean Team." Any such time spent performing work primarily for the benefit of Plaintiff's own financial interests would not be compensable. Defendants also gave a vehicle to Plaintiff for his personal use.

   d. Damages: Defendants deny that they acted unlawfully, deny that Plaintiff has or can allege the elements of this action, deny that they committed any unlawful act, and deny that Plaintiff is entitled to any recovery whatsoever against them. In response to Plaintiff's

calculations of damages, Defendant responds that the information presented is a fabrication and is advanced intentionally, without any basis, to compound these proceedings and unnecessarily inflate Plaintiff's claims and fees claims.

Dated this 23rd day of April, 2014.

>Respectfully submitted,
>
>/s/Dee Anna D. Hays
>WILLIAM E. GROB
>Florida Bar Number 0463124
>E-mail: william.grob@ogletreedeakins.com
>DEE ANNA D. HAYS
>Florida Bar Number 0064790
>E-mail: deeanna.hays@ogletreedeakins.com
>
>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
>100 North Tampa Street, Suite 3600
>Tampa, Florida  33602
>Telephone: 813.289.1247
>Facsimile: 813.289.6530
>ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>/s/Dee Anna D. Hays
>Attorney

## SERVICE LIST

| | |
|---|---|
| David Markel | William E. Grob |
| The Markel Law Firm | Dee Anna D. Hays |
| 3191 Grand Avenue #1513 | Ogletree, Deakins, Nash, Smaok & Stewart, P.C. |
| Miami, Florida 33133 | 100 North Tampa Street, Suite 3600 |
| Email: David.Markel@markel-law.com | Tampa, Florida  33602 |
| (Attorneys for Plaintiff) | william.grob@ogletreedeakins.com |
| (Via CM/ECF electronic notification) | deeanna.hays@ogletreedeakins.com |
| | (Via CM/ECF electronic notification) |